IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TINA C. GOLDSMITH, individually
and on behalf of her minor children,
C.P., A.A., and G.A,

        Plaintiff,

vs.                            Case No. 13-1170-JTM

Jeremy Karnopp,

        Defendant.

MEMORANDUM AND ORDER

On December 5, 2010, a van driven by Tina C. Goldsmith collided with a car driven by defendant Jeremy L. Karnopp. On behalf of herself and three minor children, Goldsmith filed suit in Russell County, Kansas District Court against Karnopp on December 4, 2012, one day before the expiration of the two-year statute of limitations, K.S.A. 60-513(a)(4). Summons was not issued until April 2, 2013, and Karnopp was served the next day. Karnopp later removed the action to this court, and has moved to dismiss the action under Fed.R.Civ.Pr. 12(b)(6), arguing that the action is untimely under Kansas law.

Kansas law provides that an action is commenced on the date the Petition is filed, if valid service of process occurs within 90 days. K.S.A. 60-203(a). *Saraniero v. Safeway*, Inc.,

540 F.Supp. 749, 752 (D. Kan. 1982). This 90 day period can be expanded an additional 30 days "upon a showing of good cause by the plaintiff." K.S.A. 60-203(b).

On March 4, 2013, Goldsmith filed a Motion for Extension of time under K.S.A. 60-203, seeking additional time to serve Karnopp. The motion was granted by the Russell County District Court the same day. The validity of this Order is the crux of the present motion.

In *Le v. Joslin*, 41 Kan.App.2d 280, 285, 202 P.3d 677 (2009), the Kansas Court of Appeals held that a showing of good cause "is a condition precedent to the trial court's decision of whether to grant the 30-day extension permitted by 60-203(a)(1)." In *Le*, the court upheld the trial court's rejection of plaintiff's request for a 30-day extension, stressing that the plaintiff's oral motion did not show she had undertaken reasonable and diligent efforts to locate the defendant:

> As the appellee points out, without a written motion setting forth the grounds for the requested extension, it cannot be determined what showing of good cause was made. Moreover, Le has not remedied this deficiency by providing affidavits or other evidence demonstrating the showing of good cause that was made. Simply put, the record fails to demonstrate that Le satisfied the condition precedent of K.S.A. 60–203(a)(1) by making the required showing of good cause before the 30–day extension was granted.

*Id.* at 286. While Le subsequently provided some evidence of her efforts to obtain service, these efforts occurred after the 30-day extension. The Court of Appeals stressed that "Le needed to show good cause *before* she obtained the 30-day extension, not when the extension is later challenged." *Id.* at 287 (emphasis in original). *See Finley v. Estate of DeGrazio*, 285 Kan. 202, 170 P.3d 407 (2007) (rejecting argument that the plaintiff may "obtain the [30-day extension] order and then, when challenged, at a later date actually

establish her grounds for good cause").

In his Motion to Dismiss, Karnopp argues that the state court order granting the extension was erroneous because Goldsmith's motion was deficient under *Le*, in that it failed to set forth the grounds for a finding of good cause. (Dkt. 9, at 4). He further argues that "[t]he order is invalid because the court was not informed of the *Le* case and the fact that no summons had been issued [yet]."[1] (*Id.*)

Goldsmith attempts to distinguish *Le* on the grounds that the plaintiff there never showed the existence of adequate efforts prior to the 30-day extension, and thus that case merely holds that affidavit evidence of good case is insufficient when offered for the first time on appeal. She argues:

> What is clear is that Le never provided supporting affidavits or evidence at the trial court level. Providing affidavits at the appellate level does not rectify the absence in the trial court record. In the case at bar, this matter remains at the trial court level. Affixed to this response is a supporting affidavit showing the transient nature of the defendant and the efforts to attempt to locate the defendant. Issuing a summons to unknown addresses would be fruitless.

(Dkt. 10, at 4). Conversely, the defendant argues that under *Le*, the plaintiff may not present evidence showing good cause at all. Rather, Goldsmith "can only rely upon the record to

---

[1] Nothing in *Le* suggests that applications for a 30-day extension under K.S.A. 60-203 must include a citation to *Le*, or that such applications must be denied if made prior to issuance of summons, even if the plaintiff is otherwise engaged in reasonable and diligent efforts to locate the defendant, The two cases cited by defendant, *York Draper Mercantile Co. v. Hutchinson*, 2 Kan.App. 47, 43 P. 315 (1896) and *Regency Park, LP v. City of Topeka*, 267 Kan. 465, 981 P.2d 256 (Kan. 1999) provide no support for the argument. *York Draper* simply recognizes that a judgment issued without a summons is void; *Regency Park* deals with the right to reimbursement for prepayments to an invalidated stormwater city utility charge. Neither case deals specifically with K.S.A. 60-203, or even more generally with the statute of limitations or the commencement of actions.

support [her] grounds for obtaining the 30 day extension (Dkt. at 2).

The truth lies between these extremes. Even though the matter remains before the trial court, Goldsmith cannot submit new and additional evidence of good cause. As the *Le* court made clear by its subsequent citation to *Finley*, evidence of good cause must precede the 30-day extension. On the other hand, the defendant has failed to show that the court cannot now supplement the record in the limited sense of learning what evidence was presented to the Russell County District court at the time of the extension.

In an affidavit, counsel for the plaintiff states:

> On the March 4, 2013 telephonic hearing regarding the Motion for Extension, I informed the District Court Judge that the defendant no longer resided in Hill City, Kansas, have moved to and then left Oberlin, Kansas. That the defendant had left the State of Kansas without leaving a forwarding address or any other contact information. That the defendant may have resided, for short periods of time in Nebraska, Idaho, and now was in some other state but appeared to be continuing to be on the move. That the defendant could not be located and the Plaintiff could not issue a summons to an unknown address.

(Dkt. 10-1, ¶ 2).

As the defendant notes, this statement varies from the grounds cited in the text of the written motion for extension, which states only that Kansas counsel had been asked to file the Petition by Goldsmith's Florida attorney, that the Florida attorney "advised that [Goldsmith] had not been contacted [and] was under the mistaken belief that service must be perfected within 120 days rather than 90 days." (Dkt. 6). The court order granting the extension merely states that good cause has been shown, without further elaboration.

The court denies the motion to dismiss, finding at this time no substantial reason to doubt the affidavit of counsel that he did in fact orally explain to the court the efforts to

find the elusive Karnopp, and that this explanation occurred prior to the extension.[2] The efforts appear to have been reasonable and diligent, and the court finds no grounds for finding that the extension was improper.

IT IS ACCORDINGLY ORDERED this 19th day of August, 2013, that the defendant's Motion to Dismiss (Dkt. 8) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[2] The court notes one potential ambiguity. As indicated above, counsel's affidavit expressly states his oral description of the efforts to locate Karnopp was made "[o]n the March 4, 2013 telephonic hearing regarding the Motion for Extension." Plaintiff's Response brief repeats the same paragraph, but with the preface:

> *Per an April 2, 2013 hearing*, via telephone, regarding the Motion for Extension, Plaintiff's counsel, Robert A. Levy, informed the District Court Judge that the defendant no longer resided in Hill City, Kansas, have moved to and then left Oberlin, Kansas. That the defendant had left the State of Kansas without leaving a forwarding address or any other contact information. That the defendant may have resided, for short periods of time in Nebraska, Idaho, and now was in some other state but appeared to be continuing to be on the move.

(Dkt. 10, at 3) (emphasis added). If this information was in fact submitted only on April 2, 2013 it was over a month after the order granting the extension, and could not support such an extension under *Finley* and *Le*. The court accepts counsel's sworn affidavit as to the date of these representations.